# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 755 | **DATE** | 12/17/2003 |
| **CASE TITLE** | Keystone vs. Conseco Medical | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due _____ . Reply to answer brief due _____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Conseco's motion to dismiss is denied as to Counts I and II and granted as to Count III.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 1 8 2003 date docketed | |
| | Notified counsel by telephone. | | | 51 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | DEC 1 8 2003 date mailed notice | |
| TH✓ | courtroom deputy's initials | 03 DEC 17 PM 4:26 Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KEYSTONE CONSOLIDATED INDUSTRIES, | ) ) ) | |
| Plaintiff, | ) ) ) | 02 C 0755 |
| v. | ) ) ) | |
| CONSECO MEDICAL INSURANCE COMPANY and EMPLOYEE BENEFITS CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER AND OPINION

AMY J. ST. EVE, District Judge:

On June 25, 2003, the Court granted Conseco Medical Insurance Company's ("Conseco's") motion to dismiss in part and dismissed Counts II and III of Keystone Consolidated Industries's ("Keystone's") complaint. (R 33-1, Minute Order ¶ 3.) On September 12, 2003, Keystone filed a five count First Amended Complaint ("FAC") asserting three counts against Conseco: breach of contract (Count I), estoppel (Count II) and negligent misrepresentation (Count III). Conseco seeks to dismiss the FAC pursuant to Rule 12(b)(6) for failure to state a claim. For the reasons stated herein, Conseco's motion is denied as to Counts I and II and granted as to Count III.

DEC 1 8 2003

## LEGAL STANDARDS

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Petri v. Gatlin*, 997 F. Supp. 956, 963 (N.D. Ill. 1997). When determining whether to grant a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Jang v. A.M. Miller & Assocs.*, 122 F.3d

480, 483 (7th Cir. 1997). A complaint should be dismissed under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

## BACKGROUND

Keystone entered into an insurance agreement with Conseco wherein Conseco agreed to reinsure Keystone's self-funded health plan. (R. 43-1, FAC ¶ 9.) On March 3, 2000, Keystone employee Steven Rhinehart was injured in a motor vehicle accident while under the influence of alcohol. (*Id.* ¶¶ 11-12.) Conseco denied coverage for Rhinehart's medical expenses, claiming that the contract excluded coverage of medical expenses related to alcohol-related accidents. (*Id.* ¶¶ 14, 28.) Keystone had no notice of that exclusion until it received the reinsurance treaty on September 5, 2000.

## ANALYSIS

### I. Keystone Alleges A Breach of Contract Claim (Count I)

In Count I, Keystone adequately states a breach of contract claim. Keystone sought specific reinsurance coverage from Conseco in a bid package on October 19, 1999. On December 19, 1999, Keystone submitted an application to Conseco for coverage. Conseco issued a reinsurance treaty on September 5, 2000. Keystone alleges that the bid package it submitted to Conseco contained certain summary plans that provided coverage for alcohol-related medical expenses, and that the bid package formed the basis of the treaty. Keystone further alleges that its December 19, 1999 application constituted an offer based on the information in the bid package, and that Conseco accepted that offer. Keystone argues that by accepting Keystone's offer as set forth in

the bid package, Conseco agreed to cover alcohol-related medical expenses, and that Conseco breached that agreement when it refused to pay Rhinehart's expenses.

Conseco argues that the plan summaries could not have formed the basis of the treaty because the bid package did not contain any plan summaries. Conseco bases its argument on the fact that the plan summaries were not physically attached to FAC Exhibit A, which Keystone referred to in its FAC as "the bid package." Keystone explains that the plan summaries were included in the complete bid package submitted to Conseco but they were not attached to FAC Exhibit A due to their excessive length. Conseco does not refute this explanation.

Conseco next argues that the December 19, 1999 agreement never expressly *included* coverage for alcohol-related medical expenses, and that it was therefore unreasonable for Keystone to assume that such expenses were covered.[1] Keystone argues that the agreement never expressly *excluded* alcohol-related medical expenses, and that the terms of the treaty were based on the bid package which included plan summaries that covered alcohol-induced medical expenses.

Drawing all reasonable inferences in Keystone's favor, the Court finds that Keystone has alleged in the FAC that Keystone and Conseco reached an agreement on December 19, 1999 that did not exclude alcohol-related medical expenses, and that

---

[1] Conseco argues that there was no "agreement" in December 1999 and that the only contract between the parties is the September 5, 2000 treaty. The Court addressed this argument in its Order and found, based on the allegations in the complaint, that it may reasonably infer that the parties entered into an agreement in December 1999. (Whether Keystone will actually be able to prove such an agreement is a different question.) Therefore, the fact that the treaty expressly excluded coverage of alcohol-related medical expenses is not dispositive at this stage.

3

Conseco breached that contract by refusing to pay Rhinehart's expenses. Proving it may be difficult, but that issue is not before the Court on this motion to dismiss. Accordingly, Conseco's motion to dismiss is denied as to Count I.

## II. Keystone Adequately Alleges Estoppel (Count II)

In Count II, Keystone adequately alleges an estoppel claim. To allege estoppel, Keystone must plead that: (1) it was misled by an act or statement of Conseco; (2) that it reasonably relied on that misleading information; and (3) it was prejudiced as a result. *Conagra v. Arkwright Mutual Ins. Co.*, 64 F. Supp. 2d 754, 765 (N.D. Ill. 1999). The Court initially dismissed Count II because Keystone pled the first two elements in "general, conclusory fashion." (Minute Order ¶ 5). In its FAC, Keystone cured this defect.

Keystone adequately alleges that it was misled by Conseco. As noted above, Keystone has sufficiently alleged that an agreement was formed in December 1999 that included coverage for alcohol-related medical expenses. Keystone alleges that after accepting the terms of the agreement, Conseco accepted premiums from Keystone for nine months that were calculated based on Keystone's application and bid package. (R. 43-1, FAC ¶ 23.) Keystone alleges that these actions led Keystone to believe that Conseco intended to cover alcohol-related medical expenses.

Keystone alleges that its reliance was reasonable based on the terms of the December 1999 agreement and the fact that Conseco never mentioned the exclusion until September 5, 2000, nine months after the parties reached the agreement. Keystone further argues that its reliance was reasonable based on the fact that Conseco accepted Keystone's premium payments. Conseco argues that Keystone's reliance was

4

unreasonable. The question at this stage, however, is not whether Keystone's reliance was objectively reasonable, but whether Keystone adequately pled reasonable reliance.

Finally, Keystone alleges that it incurred damages in excess of the Stop Loss Self-Insured Retention that Conseco has not paid. (R. 43-1, FAC ¶ 28.)

The Court finds that Keystone adequately alleges that it reasonably relied on Conseco's representations to its detriment. Accordingly, Conseco's motion to dismiss is denied as to Count II.

### III. Keystone Still Fails to Plead Negligent Misrepresentation (Count III)

Count III of the FAC is essentially identical to Count III of the original Complaint and suffers the same deficiency. The Court warned Keystone that there are few exceptions to the rule prohibiting plaintiffs in Illinois from recovering in tort for purely economic losses, and that Keystone must identify an exception and develop its argument as to why that exception applies. Keystone failed to do so. Keystone appears to argue that it had a fiduciary relationship with Conseco, and that Conseco served as a "commercial information provider."

Conseco asserts that for Keystone to benefit from the exception, it must show that: 1) Conseco is in the business of supplying information, and 2) Conseco provides this information for the guidance of others in its business relations with third parties. *Gerdes v. John Hancock Mutual Life Ins., Co.*, 712 F. Supp. 692, 696 (N.D. Ill. 1989). Further, Conseco notes that one is not in the business of "supplying information" if the information is merely ancillary to the services rendered or products sold. *Lemont Partners v. Meijer Stores Ltd. Partnership*, No. 02 C 1799, 2002 WL 31641623, at *13 (N.D. Ill. 2002) (citing *Fox Assocs., Inc. v. Robert Half Int'l, Inc.*, 334 Ill. App. 3d 90,

777 N.E.2d 603, 267 Ill. Dec. 800 (1st Dist. 2002)). Conseco argues that, as an insurance company, it is in the business of accepting risk in return for money. Thus, Conseco argues that it is not in the business of "supplying information," and that at most, providing information is merely ancillary to its business.

Keystone simply argues that "Illinois law is not so broad in its prohibition of negligent misrepresentation as Conseco would have the Court believe." Keystone provides no case law to support its contention that Conseco is in the business of supplying information, however, and fails to develop an argument as to why a particular exception to the economic loss doctrine precludes dismissal of this count.

Accordingly, Conseco's motion to dismiss is denied as to Count III.

## CONCLUSION

In Count I, Keystone adequately alleges that a contract was formed in December 1999 that covered alcohol-related medical expenses, and that Conseco breached that contract when it failed to pay Rhinehart's medical expenses. In Count II, Keystone adequately alleges that it reasonably relied on Conseco's representations to its detriment. In Count III, Keystone offers no reason why its negligent misrepresentation claim is not prohibited by the economic loss doctrine. Accordingly, Conseco's motion to dismiss is denied as to Counts I and II and granted as to Count III.

Dated: December 17, 2003

ENTERED

AMY J. ST. EVE
United States District Court Judge